UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YITZCHOK SHTEIERMAN,

                         Plaintiff,

    v.

HILLEL FISHER, *and* ISRAEL MEIR FARKASH,

                         Defendants.

No. 24-CV-3978 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

    Defendants Hillel Fisher ("Fisher") and Israel Meir Farkash ("Farkash"), proceeding pro se, filed a notice of removal from New York Supreme Court on May 14, 2024. (Not. of Removal (Dkt. No. 1).) Throughout the entirety of this Action, the Parties have engaged in a constant stream of letters criticizing each other and the Court. Despite this, Defendants have failed to properly file either an Answer or a pre-answer motion. On September 16, 2024, the Clerk of the Court filed a certificate of default against Defendants. (Dkt. No. 36.) Both Defendants filed letter motions to vacate the default. (*See* Ltr. from Israel Meir Farkash to Court ("Farkash Ltr.") (Dkt. No. 37); Ltr. from Hillel Fisher to Court ("Fisher Ltr.") (Dkt. No. 41).) The Court ordered Plaintiff Yitzchok Shteierman ("Shteierman") to respond to Defendants' letters. (*See* Dkt. Nos. 38, 42.) Shteierman timely responded to Farkash's letter, (Dkt. Nos. 43–45), but has failed to respond to Fisher's letter, (*see generally* Dkt.).

    The Second Circuit has held that, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079, at *5 (S.D.N.Y. Mar.

28, 2023) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quotation marks omitted)). "Further, concerns regarding the protection of a litigant's rights are heightened when the party held in default appears pro se," as Defendants do. *Cho v. Osaka Zen Spa*, No. 19-CV-7935, 2023 WL 5003570, at *4 (S.D.N.Y. Aug. 4, 2023) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d. Cir. 1993) (italics omitted)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (quotation marks and italics omitted)).

Farkash and Hillel both argue that the default be vacated because they were improperly served and both request a pre-motion conference on a motion to dismiss. (*See* Farkash Ltr. at 1–2; Hillel Ltr. at 1.) Hillel also argues that he did, in fact, request a pre-motion conference on a motion to dismiss on August 15, 2024. (*See* Hillel Ltr. at 1.) In response to Farkash, Shteierman claims that service of the initial Complaint was proper and that Farkash failed to submit any proof as to improper service. (*See* Ltr. from Yitzchok Shteierman to Court (Dkt. No. 43) at 1.)

It is not clear to the Court whether Defendants were properly served. When the propriety of service is at issue, plaintiff bears the burden of demonstrating that defendants were properly served. *See Rose v. Willowby*, No. 21-CV-769, 20211 WL 5360046, at *2 (S.D.N.Y. Nov. 17, 2021) (citing *Tuqui Tuqui Domincana, S.R.L. v. Castillo*, No. 19-CV-108, 2020 WL 1689763, at *2 (S.D.N.Y. Apr. 7, 2020)). Shteierman gets this exactly backwards—he cannot claim that *Defendants* have failed to demonstrate improper service—and his pointing only to a pro forma affidavit of a process server does not suffice to carry this burden. *Id.* In light of the Second Circuit's instruction to resolve all doubts in favor of the party seeking relief from the entry of default, *Green*, 420 F.3d at 104, particularly when the party proceeds pro se, *Enron Oil Corp.*, 10

2

F.3d at 96, the Court concludes that there are sufficiently serious questions as to whether Defendants were properly served that justify vacating the entry of default.

Accordingly, Defendants shall provide Plaintiff with their current home and business addresses within 10 days of the date of this Order, and Plaintiff is instructed to properly serve Defendants within 30 days thereafter. Once served, Defendants shall answer or otherwise respond to the Complaint within 21 days of the date of service, as per Federal Rule of Civil Procedure 12(a)(1).

SO ORDERED.

Dated:  October 29, 2024
         White Plains, New York

                                         KENNETH M. KARAS
                                         United States District Judge