UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YITZCHOK SHTEIERMAN,

                        Plaintiff,

           v.

HILLEL FISHER, *et al.*,

                       Defendants.

No. 24-CV-03978 (KMK)

OPINION & ORDER

---

Appearances:

Yitzchok Shteierman
Chester, NY
*Pro se Plaintiff*

Hillel Fisher
Toms River, NJ
*Pro se Defendant*

Israel M. Farkash
Fair Lawn, NJ
*Pro se Defendant*

KENNETH M. KARAS, United States District Judge:

Yitzchok Shteierman ("Plaintiff" or "Shteierman") brings this case against Hillel Fisher ("Fisher") and Israel Farkash ("Farkash") (collectively, "Defendants"), alleging that after Shteierman, who is not a licensed attorney, represented Fisher in an arbitration that did not go Fisher's way, Fisher and Farkash defamed and extorted him. Before the Court is Defendants' Motion to Dismiss for failure to prosecute, lack of personal jurisdiction, and failure to state a claim. Because the Court lacks personal jurisdiction over Defendants for defamation claims and claims sounding in defamation, the Court grants Defendants' Motion.

I.  Background

A.  Factual Background

The following facts are drawn from the Complaint and assumed true for the purpose of the Motion to Dismiss.  Fisher hired a law firm to represent him in a case brought against him by American Express.  (Shteierman Aff. Ex. 1 ("Compl.") ¶ 6 (Dkt. No. 33).)  The case was moved to an arbitration in which the applicable rules provided that parties could proceed "without representation, or may be represented by counsel or [an]other authorized representative."  (*Id.* ¶¶ 8–9.)  Fisher then agreed to have Plaintiff "as an authorized representative to represent him" in the arbitration because "they both shared a common background of being religiously Jewish," although Plaintiff had "disclosed to . . . Fisher that [Plaintiff] was not a licensed attorney."  (*Id.* ¶¶ 10–13.)

Fisher lost that arbitration and the arbitrator entered a $10,342.32 award against him.  (*Id.* ¶ 15.)  American Express then moved (presumably, on the basis of other filings,[1] in New Jersey state court) to confirm the award.  (*Id.* ¶ 16.)  In the state court proceedings, Fisher "filed a letter with the court . . . stating that it only recently came to his attention that Plaintiff was not a licensed attorney."  (*Id.* ¶ 18.)  Plaintiff alleges Fisher knew this statement was false and filed the letter to delay American Express's effort to collect its arbitral award.  (*Id.* ¶ 19.)  Fisher also relayed "this falsity" to "other members of the Jewish Community, thereby damaging the reputation of Plaintiff."  (*Id.* ¶ 20.)  Farkash, "acting on behalf of" Fisher, "sent Plaintiff

---

[1] The Court may consider documents outside the pleadings in resolving a motion to dismiss for lack of personal jurisdiction.  *See Johnson v. Stop & Shop Supermarket Co.*, No. 22-CV-9691, 2024 WL 1217074, at *6 (S.D.N.Y. Mar. 21, 2024).  The only evidence on where the proceedings at issue took place, which Plaintiff has not offered evidence to contest, is Defendants' sworn declarations that they occurred in New Jersey.  (*See* Mot. to Dismiss 3 ("Fisher Decl.") ¶ 5 (Dkt. No. 66).)

threatening text messages, demanding Plaintiff pay . . . Fisher's debt [to American Express] in full or else he and . . . Fisher would turn him over to the authorities." (*Id.* ¶ 21.)

### B. Procedural History

Plaintiff filed his Complaint in the Supreme Court of New York, Rockland County, on April 18, 2024. (Compl.) Defendants timely removed to this Court on May 14, 2024, invoking this Court's diversity jurisdiction. (Notice of Removal (Dkt. No. 1).) Plaintiff moved for a default judgment on September 14, 2024, and the Clerk of Court issued a Certificate of Default on September 16, 2024. (Dkt. No. 36.) Defendants requested the Court vacate the Certificate of Default the next day. (Dkt. No. 37.) The Court offered the Parties a chance to brief the issue, (*see* Dkt. No. 38), and ultimately ordered Defendants to provide their addresses for Plaintiff to serve them properly on October 29, 2024, which Defendants did not timely do, (Order (Dkt. No. 46)), and the Court gave Defendants another chance to do so on November 11, 2024, (Order (Dkt. No. 49)). The Court construed Defendants' inclusion of their addresses on their subsequent filings as complying with its orders, and ordered Plaintiff to re-attempt service by December 30, 2024. (Order (Dkt. No. 51).)[2]  He did not. (*See* Dkt.)

---

[2] Although this case is still at the motion to dismiss stage, there have been almost 70 docket entries because "[t]hroughout the entirety of this Action, the Parties have engaged in a constant stream of letters criticizing each other and the Court," (Order 1 (Dkt. No. 46)), among other "entirely inappropriate" conduct, (Order 2 (Dkt. No. 15)). The Court omits these from its summary of the procedural history and urges the Parties to heed Hamilton's call for civility and humility during our young nation's debates on adopting the Constitution—a time that inspired even greater passions in a greater number than Plaintiff's representation of Fisher in an arbitration. The Federalist No. 1 (Alexander Hamilton) ("So numerous indeed and so powerful are the causes which serve to give a false bias to the judgment, that we, upon many occasions, see wise and good men on the wrong as well as on the right side of questions of the first magnitude to society. This circumstance, if duly attended to, would furnish a lesson of moderation to those who are ever so much persuaded of their being in the right in any controversy."). The Court also reminds the Parties that, whether lawyers or not, "all litigants appearing before this Court have a duty of candor to the Court." *Invasix, Inc. v. Allmond*, No. 20-CV-01135, 2021 WL 5355929, at *4 (W.D. Tex. Nov. 17, 2021) (collecting cases).

Defendants moved to dismiss for failure to prosecute on February 28, 2025. (*See* Letter Mot. to Dismiss for Failure to Prosecute (Dkt. No. 56).) The Court held a pre-motion conference and adopted a briefing schedule on Defendants' Motion to Dismiss on April 7, 2025. (*See* Mot. Scheduling Order (Dkt. No. 60).) Defendants filed their considerably delayed Motion on June 17, 2025, arguing for dismissal on the basis of improper service, lack of personal jurisdiction, and failure to state a claim. (Mot. to Dismiss ("Mot.") Dkt. No. 66.) Plaintiff responded on June 27, 2025, only addressing their arguments about improper service. (Letter from Yitzchok Shteierman to Court (dated June 27, 2025) ("Resp.") (Dkt. No. 67).)

## II. Discussion

### A. Standard of Review

#### 1. Motion to Dismiss for Lack of Personal Jurisdiction

"[R]esolution of a [Rule 12(b)(2)] motion to dismiss for lack of personal jurisdiction made in the Southern District of New York requires a two-step analysis." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). "First, the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant," such as under the New York long-arm statute. *Id.* Second, if such a basis for jurisdiction exists, "the court must then determine whether the extension of jurisdiction is permissible under the Due Process Clause of the Fourteenth Amendment." *Id.*

On a Rule 12(b)(2) motion, the plaintiff has the burden of establishing that the court maintains jurisdiction over the defendant. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). However, "[p]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction." *Jazini v.*

4

*Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (alteration in original) (italics, citation, and quotation marks omitted); *see also Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008) ("Where . . . a district court relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction over the defendant." (quotation marks omitted)).  "[A] prima facie showing of jurisdiction does not mean that [the] plaintiff must show only some evidence that [the] defendant is subject to jurisdiction; it means that [the] plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997).  A plaintiff may "make this showing through his own affidavits and supporting materials[,] containing an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (alterations in original) (citations and quotation marks omitted).

While a court may consider materials beyond the pleadings, the court must credit a plaintiff's allegations in support of jurisdiction and "construe the pleadings and any supporting materials in the light most favorable to the plaintiff[]." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (citing *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79– 80 (2d Cir. 1993) ("[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to do the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."); *Harrington Glob. Opportunity Fund, Ltd. v. CIBC World Mkts. Corp.*, 585 F. Supp. 3d 405, 413 (S.D.N.Y. 2022) ("In evaluating whether [the] [p]laintiff has made out a prima facie case of personal jurisdiction, a court must construe the pleadings and affidavits in the light most favorable to plaintiffs,

resolving all doubts in their favor." (quotation marks omitted)). However, "[p]leadings that assert only 'conclusory non-fact-specific jurisdictional allegations' or state a 'legal conclusion couched as a factual allegation' do not meet this burden." *Pruthi v. Empire City Casino*, No. 18-CV-10290, 2022 WL 596370, at *2 (S.D.N.Y. Feb. 28, 2022) (quoting *Janzini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (explaining that a court cannot "draw 'argumentative inferences' in the plaintiff's favor" in considering Rule 12(b)(2) motion (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992))).

### 2. Motion to Dismiss for Failure to State a Claim

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a

6

plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (noting that a district court should only consider the complaint, documents appended to the complaint or incorporated by reference, and matters judicial notice can be taken of in ascertaining facts for a motion to dismiss).  The Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to

raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

3.  Motion to Dismiss for Failure to Prosecute

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Federal Rule of Civil Procedure 41(b) of the provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  *Id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a

8

party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester Cnty.*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

    B.  <u>Analysis</u>

        1.  <u>Personal Jurisdiction</u>

"The Court starts, as it must, with personal jurisdiction."  *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 763 F. Supp. 3d 618, 629 (S.D.N.Y. 2025) (citation omitted).  "There are three requirements for the Court to exercise personal jurisdiction."  *Johnson v. Stop & Shop Supermarket Co.*, No. 22-CV-9691, 2024 WL 1217074, at *6 (S.D.N.Y. Mar. 21, 2024) (citing *Licci*, 673 F.3d at 59–61).

> First, the plaintiff's service of process upon the defendant must have been procedurally proper. Second, there must be a [state] statutory basis for personal jurisdiction that renders such service of process effective. Third, the exercise of personal jurisdiction must comport with constitutional due process principles.

*Id.* (quotation marks and citations omitted).  Plaintiff omits any discussion of personal jurisdiction in his response to Defendants' Motion, although the burden to establish jurisdiction is his.  *MacDermid v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).  While that is enough to dismiss on these grounds, *see Pentagen Techs. Int'l Ltd. v. United States*, 103 F. Supp. 2d 232, 235 (S.D.N.Y. 2000) ("[P]laintiffs have entirely failed to respond to such defendants' arguments that the Court lacks personal jurisdiction over them.  In these circumstances the Court must dismiss plaintiffs' action as to such defendants."), owing to the solicitude courts must show *pro se* litigants, the Court will nevertheless evaluate whether Plaintiff has made a prima facie showing of personal jurisdiction over Defendants.

9

Plaintiff has not satisfied the first element.  The reason is simple: the Court ordered Plaintiff to re-serve Defendants at the addresses they provided.  (*See* Order 1 (Dkt. No. 51) ("[T]he Court will construe [Defendants'] letter motions [at Dkt. Nos. 47, 50] as providing their addresses in compliance with [the Court's] Orders [to provide their current addresses to facilitate service].  Accordingly, Plaintiff is instructed to properly serve Defendants by no later than December 30, 2024.").)  Plaintiff instead rested on his attempts to serve Defendants from well before the Court's Order.  (*See* Resp. 1 ("Defendants were duly served in this action . . . Fisher . . . was served . . . on April 19, 2024 . . . Farkash was served on April 30, 2024.").)  The record on this issue is unusual.  The Parties have regularly accused one another of lying about where they live, what they look like, who they are married to, and more, in what Defendants say is an effort by Plaintiff to fraudulently represent he *did* serve them, and in what Plaintiff says is an effort by Defendants to fraudulently represent they were never served.[3]  But the Court need not

---

[3] (*See* Letter to Court from Hillel Fisher 1 (dated Oct. 31, 2024) (Dkt. No. 47) ("[P]laintiff's alleged residence is in dispute. . . . the [o]riginal filing of this action was in Rockland County, where Plaintiff allegedly claimed residence[,] [b]ut contradicted by his . . . claim he lived in Brooklyn or Chester NY."); Farkash's Mot. to Vacate Default 1–2 (Dkt. No. 37) ("The plaintiff falsely claims to have served me at a Brooklyn synagogue . . . [and] claims to have served my wife, 'Schevy Farkash,' in Toms River.  My wife's name is Sara, and we reside in Bergen County."); Mot. Ex. C ("2d Farkash Decl.") ¶ 6 ("The description [in the service affidavits] is far off for either of us [including Defendants' weights, hair color, and facial hair]."); Resp. 1 ("Fisher . . . was served where he resides . . . Toms River, NJ[.]"); Letter from Yitzchok Shteierman to Court 1 (dated Sept. 14, 2024) (Dkt. No. 30) ("We request that this [C]ourt issue sanctions against [Farkash] for blatantly lying[.]").)

The Court notes in response to Plaintiff's accusations against Defendants of claiming without evidence that they were not served, (*see* Resp. 1), that Defendants' signed and dated declarations under penalty of perjury based on their personal knowledge *are* evidence, like Plaintiff's affidavits of service.  *See* 28 U.S.C. § 1746; Fed. R. Evid. 602; *Palaghita v. Alkor Cap. Grp.*, No. 19-CV-1504, 2021 WL 4464121, at *10 n.7 (E.D.N.Y. Aug. 20, 2021) (considering similar declarations as evidence) (citing *LeBoeuf, Lamb, Greene, & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65–66 (2d Cir. 1999)).  (*See* Farkash Decl. 1 (Dkt. No. 65) (swearing to the previously discussed information under penalty of perjury); Fisher Decl. 1 (same).)

wade back into that bog—it previously found "there [we]re sufficiently serious questions as to whether Defendants were properly served," ordered Plaintiff to try again, he has not, and has offered no new reason for why he has not. (Order 3 (Dkt. No. 46).) This itself could be fatal to Plaintiff's claim of personal jurisdiction. *See Thomas v. Shineski*, No. 09-CV-4900, 2011 WL 4753525, at *4 (E.D.N.Y. Oct. 6, 2011) ("Plaintiff has failed to effectuate proper and timely service pursuant to the Court's November 23, 2010 Order."); *see also Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 608 (S.D.N.Y. 2013) ("When a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." (alteration adopted and citation omitted)). However, the Court is reluctant to end the *Licci* analysis here and dismiss on this basis alone considering all parties are proceeding *pro se*, and Defendants have had notice at least sufficient to file pre-answer motions.[4] *See Sauer v. Town of Cornwall*, No. 20-CV-4881, 2021 WL 4066848, at *5 (S.D.N.Y. Sept. 7, 2021) ("This Court is particularly hesitant to effectively dismiss an action with prejudice for insufficient service of process where, as here, the defendant undoubtedly had actual notice of the lawsuit."); *M.C. v. Cnty. of Westchester, New York*, No. 16-CV-3013, 2018 WL 1033241, at *5 (S.D.N.Y. Feb. 21, 2018) ("Where, as here, Defendants had sufficient notice to both file responsive pleadings and engage in motion practice, courts have therefore been reluctant to dismiss the entire action for insufficient service." (citations omitted)). Accordingly, the Court will proceed to the next step of the personal jurisdiction analysis.

As to the next step, the Court finds there is no statutory basis for personal jurisdiction over these claims against Defendants in New York. Personal jurisdiction in New York courts is

---

[4] This also addresses Defendants' argument that the Court should dismiss for failure to properly serve them, or failure to prosecute to the extent service is concerned. (Mot. 9–14.)

based on the state's long-arm statute, N.Y.C.P.L.R. §§ 301–02. *See Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 198 (2d Cir. 1990); *Johnson*, 2024 WL 1217074, at *6. Section 301 establishes "general" personal jurisdiction—that is, jurisdiction over a defendant for any claim that could be brought against them because they are "at home" in that jurisdiction, or served therein. *Johnson*, 2024 WL 1217074, at *6; *see also Birittieri v. Whole Foods Mkt. Grp., Inc.*, No. 21-CV-8703, 2023 WL 2266481, at *3 (S.D.N.Y. Feb. 28, 2023) ("Pursuant to N.Y. C.P.L.R. § 301, a defendant is subject to personal jurisdiction if she is domiciled in New York, served with process in New York, or continuously and systematically does business in New York."). Section 301 is inapplicable because neither Defendant is domiciled in New York,[5] and as previously addressed, while an affidavit states Farkash was served in New York, Farkash submitted declarations contending he had not been served, so the Court found "sufficiently serious questions as to whether Defendants were properly served" and ordered service anew, which has not happened (much less within New York).[6] (Order (Dkt. No. 46).) *See Lesavoy v. Brady*, 243 N.Y.S.3d 720, 725 (App. Div. 2025); *Johnson*, 2024 WL 1217074, at *6; *id.* ("[T]he Court may consider documents beyond the pleadings in determining whether personal jurisdiction exists." (internal quotation marks and citations omitted)). Section 302 establishes

---

[5] Plaintiff does not contest that Fisher is domiciled in New Jersey. Farkash has repeatedly indicated in signed statements to the Court that he, too, is domiciled in New Jersey, and has provided a Bergen County address since his first filing. (*See, e.g.*, Letter from Israel Farkash to Court 1 (dated Sept. 8, 2024) (Dkt. No. 28); Farkash Decl. 10; Letter from Israel Farkash to Court (dated May 7, 2025) (Dkt. No. 62); Farkash's Mot. to Vacate Default 1.)

[6] Even if the Court had found Farkash *was* properly served in New York and so the Court did have jurisdiction over him, Farkash is only named as a defendant for Plaintiff's extortion claim, and for the reasons discussed *infra* note 8, the Court would in the alternative dismiss the claim against him under Rule 12(b)(6) because there is no private cause of action for extortion under New York law. (*See* Compl. ¶¶ 30–34.)

"specific" personal jurisdiction—that is, jurisdiction over a defendant outside New York where there is an "articulable nexus or substantial relationship between the cause of action sued upon, or an element thereof, and the defendants' business transactions in New York." *Aybar v. US Tires & Wheels of Queens, LLC*, 178 N.Y.S. 3d 73, 80 (App. Div. 2022) (internal quotation marks and citations omitted).

Section 302(a)(1) does not provide a basis for jurisdiction because Plaintiff does not allege either Defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state" as relates to this claim. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). Nor does Section 302(a)(4) help Plaintiff's cause because he has not shown or alleged either Defendant "owns, uses, or possesses any real property situated in the state." Next, Section 302(a)(2) and (a)(3) explicitly carve out defamation claims. *See* N.Y.C.P.L.R. § 302(a) ("[A] court may exercise personal jurisdiction over any non-domiciliary . . . who . . . (2) commits a tortious act within the state, *except as to a cause of action for defamation of character* . . . (3) commits a tortious act without the state causing injury to person or property within the state, *except as to a cause of action for defamation of character*[.]" (emphasis added)). The Court will credit for the purposes of this Motion Plaintiff's claim that he resides in New York, so if he was injured, the injury was felt in this state.[7]

"Crucially, the exception applies not only to those claims labeled 'defamation,' but also to those *sounding in defamation*." *Lively v. Wayfarer Studios LLC*, 810 F. Supp. 3d 421, 434

---

[7] Fisher has suggested Plaintiff resides in Connecticut—if so, the basis for this Court's jurisdiction would be weaker because the injury is less likely to have been felt in New York, but the record on this is not developed. (*See* Dahan Aff. 2 (Dkt. No. 17) (claiming service of a letter on Shteierman at "his actual address" in Connecticut); Letter from Yitzchok Shteierman to Court (dated Aug. 15, 2024) 1 (Dkt. No. 18) (contesting the affidavit's statements that Shteierman is a Connecticut resident by attaching a long-expired New York driver's license).)

(S.D.N.Y. 2025).  "New York law considers claims sounding in tort to be defamation claims . . . where those causes of action seek damages only for injury to reputation, [or] where the entire injury complained of by plaintiff flows from the effect on his reputation."  *Id.* at 435 (quoting *Hengjun Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012) (summary order)); *see also Glob. Supplies NY, Inc. v. Electrolux Home Prods., Inc.*, No. 21-674, 2022 WL 815795, at *2 (2d Cir. Mar. 18, 2022) (summary order) ("A defamation cause of action has broad reach because, unlike most torts, defamation is defined in terms of the injury, damage to reputation, and not in terms of the manner in which the injury is accomplished." (quotation marks and citation omitted)); *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 233 (S.D.N.Y. 2015) ("A plaintiff may not avoid the limits of Section 302(a) by disguising defamation claims as claims for other torts.").  Plaintiff asserts two claims here.  One is labeled "defamation" and reads as a defamation claim.  (Compl. ¶¶ 24–29.)  The other is labeled "extortion," (Compl. ¶¶ 30–34), but "seeks damages only for injury to reputation," *Hengjun Chao*, 476 F. App'x at 895.  (*See* Compl. ¶ 33 (asserting only the following as a basis for damages: "Plaintiff suffered damages including, but not limited, to damage to his reputation").)  Both claims are accordingly subject to Section 302(a)(2) and (a)(3)'s exclusions.

Because there is no personal jurisdiction over Defendants in New York, the Court dismisses this Action.  *See Maranga v. Vira*, 386 F. Supp. 2d 299, 311 (S.D.N.Y. 2005) ("Despite this Court's lack of personal jurisdiction over the defendants, it might be permissible to transfer this case . . . rather than dismissing it . . . . However, Plaintiff[] [has] not requested that the Court so transfer the case if personal jurisdiction were found to be lacking.").[8]  And

---

[8] Another reason to dismiss rather than transfer is this Court's skepticism of the merits. "Courts will not waste judicial resources by transferring a case that is clearly doomed," so "[i]f a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction . . . then the

"[b]ecause the Court finds that it does not have personal jurisdiction over Defendant[s], it does

not reach Defendant[s'] other stated grounds for dismissal." *Creative Photographers*, 763 F.

Supp. 3d at 629.

### III.  Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss as to lack of

personal jurisdiction and does not reach the remaining arguments for dismissal.  Plaintiff's

claims are dismissed without prejudice.  *See Smith v. United States*, 554 F. App'x 30, 32 n.2 (2d

Cir. 2013) (summary order) ("[A] dismissal for want of personal jurisdiction is without

prejudice.").  If Plaintiff wishes to file an amended complaint alleging additional facts and

addressing the deficiencies identified above, Plaintiff must do so within 30 days of the date of

---

court in which it is initially filed . . . should dismiss the case rather than waste the time of another
court." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005) (citations and
quotation marks omitted).  Plaintiff's defamation claims are on shaky footing.  He alleges two
defamatory statements.  One is that Fisher wrote falsely to a court as part of a proceeding that he
did not know Plaintiff was not an attorney.  (Compl. ¶ 24.)  That statement is protected from
defamation claims because it was relevant to the proceeding, even if false.  *See Zdenek Marek v.
Old Navy (Apparel) Inc.*, 348 F. Supp. 2d 275, 281 (S.D.N.Y. 2004) ("It is a well established
principle of New York law that statements made in judicial . . . proceedings are privileged and
may not be actionable so long as they are pertinent to the controversy.").  The second is that
Fisher told "this falsity to other members of the Jewish community."  (Compl. ¶ 25.)  Plaintiff
offers no explanation as to "the third parties to whom [the] statement was published," *Peres v.
Oceanside Union Free Sch. Dist.*, 426 F. Supp. 2d 15, 28 (E.D.N.Y. 2006), more particular than
"the Jewish community"—some millions of people—so those allegations are conclusory.
*Compare Greer v. Nicewonder*, No. 21-CV-4631, 2022 WL 20053433, at *2 (E.D.N.Y. Dec. 16,
2022) ("While [Plaintiff] does not specify to which employees the alleged defamatory statement
was made, if not all of them, because there are so few people to which the statements could have
been made, the notice provided to [Defendant] is sufficient."), *with* Compl. ¶ 25.  His extortion
claims also sail against headwinds.  Extortion in New York is a crime—not a private, civil cause
of action.  *See Shak v. Krum*, No. 18-CV-1650, 2018 WL 5831319, at *5 (S.D.N.Y. Nov. 6,
2018) ("Defendant's claim for civil extortion is dismissed because civil extortion is not a
recognized cause of action under New York law."); *Niagara Mohawk Power Corp. v. Testone*,
708 N.Y.S.2d 527, 529–30 (App. Div. 2000) ("[N]either the legislative scheme nor common-law
precedent supports an inference that the Legislature intended to create a statutory right of action
for an attempt to commit a crime, including extortion.").

this Opinion & Order.  Failure to properly and timely amend will likely result in dismissal of the claims against Defendants with prejudice.  The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 66), mail a copy of this Opinion and Order to the Parties, and change Farkash's address on ECF to the address he has provided on his filings (9 Ramsey Terr., Fair Lawn, NJ 07410).

SO ORDERED.

DATED:        March 27, 2026
              White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

16